UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,<br><br>Plaintiff/Counter-defendant,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-00457-KJD-GWF<br><br>**<u>ORDER</u>** |

Before the Court are three pending motions for summary judgment. Defendant Northbrook Homeowners Association moved first (#61). Plaintiff/Counter-defendant Deutsche Bank (#69) and Defendant SFR Investments Pool 1, LLC (#68) responded, and Northbrook replied to each response (## 75, 76). Next, Deutsche Bank moved for summary judgment (#66) to which SFR Investments (#71) and Northbrook (#72) responded, and Deutsche Bank replied (#77). Last, Defendant/Counterclaimant SFR Investments moved for summary judgment. Deutsch Bank responded (#70), and SFR Investments replied (#78).

This is a dispute over who holds the superior interest in a property located at 4401 Sparkle Crest Avenue in North Las Vegas, Nevada. Deutsche Bank and SFR Investments each claim to be the rightful owners of the property—Deutsche Bank by virtue of a lender's deed of trust and SFR Investments by virtue of foreclosure and sale. Northbrook and its agent Homeowners Association Services, Inc., on the other hand, do not assert an interest in the property. Those entities nonjudicially foreclosed on the Sparkle Crest property and argue that the foreclosure extinguished Deutsche Bank's deed of trust. Jesse and Lorraine Dahilig were the former owners of the property. They have not participated in this suit and do not claim an interest in the property.

The quiet title action between SFR Investments and Deutsche Bank boils down to the constitutionality of the notice provisions in NRS § 116.3116(2). SFR Investments and Northbrook both claim that the bank received adequate notice of the association's impending foreclosure. As a result, they argue that SFR Investments purchased the Sparkle Crest property free of Deutsche Bank's deed of trust. Deutsche Bank, on the other hand, urges the Court to find NRS § 116.3116(2) unconstitutional like the Ninth Circuit did in Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154, 1158 (9th Cir. 2016). Under Bourne Valley, the bank argues, Northbrook's foreclosure could not have extinguished its deed of trust because the foreclosure itself was based upon an unconstitutional statute.

However, both the Nevada Supreme Court and the Ninth Circuit have squarely rejected Deutsche Bank's constitutional argument. The evidence shows that Deutsche Bank made no attempt to protect its deed of trust in the face of Northbrook's impending foreclosure, despite receiving multiple notices of that foreclosure. There is no dispute that Northbrook recorded the proper notices before the foreclosure and even mailed those notices to both the Dahiligs and to Deutsche Bank. Yet, neither the bank nor the Dahiligs attempted to cure Northbrook's lien. Therefore, the Court grants SFR Investments' and Northbrook's respective motions and finds that Northbrook's nonjudicial foreclosure and SFR Investments subsequent purchase of the Sparkle Creek property extinguished Deutsche Bank's deed of trust.

**I.     Background**

The basic facts in this case are undisputed. In 2005, Jesse and Lorraine Dahilig purchased a property located at 4401 Sparkle Crest Avenue in North Las Vegas, Nevada. Deed of Trust, ECF No. 66 Ex. A-2. Ameriquest Mortgage Company financed the purchase and secured its interest in the property by deed of trust. Id. Ameriquest later assigned its interest to Deutsche Bank. Assignment of DOT, ECF No. 66 Ex. A-3.

The Sparkle Crest property belonged to the Northbrook Homeowners Association and was subject to the association's Covenants, Conditions, and Restrictions ("CC&R's"). The CC&Rs required the Dahiligs to pay monthly assessments for maintenance and general community upkeep. Eventually, the Dahiligs fell behind on their monthly assessments.

Northbrook attempted to recover the delinquency from the Dahiligs to no avail. In January of 2010, Northbrook, through its agent Homeowner Association Services, recorded a notice of lien-assessment claim. ECF No. 67 Ex. A-6. Northbrook also mailed the notice to the Dahiligs. The notice identified a past-due balance of $671.00. Id. The Dahiligs did not cure the delinquency. Northbrook then recorded a Notice of Default and Election to Sell under the deed of trust. Notice of Default, ECF No. 67 Ex. A-7. In addition to recording the Notice of Default, Northbrook sent it to the Dahiligs and to Deutsche Bank by certified mail. Id. Neither the Dahiligs nor Deutsche Bank cured the delinquency, so the association foreclosed on the Sparkle Crest property. Notice of Trustee's Sale, ECF No. 67 Ex. A-10. On September 23, 2014, SFR Investments purchased the Sparkle Crest property for $21,000 at a trustee's sale. Deed Upon Sale, ECF No. 67 Ex. B-2.

On February 10, 2017, Deutsche Bank filed this complaint to quiet title in the property. The complaint alleged five causes of action split between SFR Investments, Northbrook, and Homeowner Association Services: (1) quiet title and declaratory relief under 28 U.S.C. § 2201 and NRS §§ 30.010, 40.010 against each defendant; (2) declaratory relief under the Fifth and Fourteenth Amendments against each defendant; (3) quiet title under the Fifth and Fourteenth Amendments against SFR Investments; (4) preliminary and permanent injunction against SFR Investments; and (5) unjust enrichment against SFR Investments. Compl., ECF No. 1. SFR Investments answered the complaint and asserted its own quiet title and injunctive-relief claims against Deutsche Bank and former-owners Jesse and Lorraine Dahilig. Answer, ECF No. 14. Despite being properly served (ECF No. 63), the Dahiligs have not participated in this suit, and the Court Clerk has entered default against them. ECF No. 65.

In July of 2018, the Court stayed the case pending the Nevada Supreme Court's clarification of NRS § 116.3116's notice requirements. At the time the Court stayed this case, the Ninth Circuit had definitively held that § 116.3116(2) was facially unconstitutional because it required lenders to affirmatively request notice that their property interests were in danger. Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154, 1158 (9th Cir. 2016). Shortly thereafter, the Nevada Supreme Court determined that § 116.31168 incorporated the notice provisions found in NRS § 107.090, which required notice to any person whose interest

was threatened by foreclosure. SFR Invs. Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252 (Nev. 2018) ("Star Hill"). Incorporation of § 107.090 eliminated the unconstitutional opt-in notice scheme.

The Court lifted the stay after the Nevada Supreme Court issued Star Hill and allowed the parties forty-five days to renew their dispositive motions. Order Lifting Stay, ECF No. 60. Deutsche Bank, SFR Investments, and Northbrook timely moved for summary judgment. Their motions are fully briefed, and the Court now turns to their merits.

**II.    Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

Where parties have filed competing motions for summary judgment, the Court must review each motion on its own merits. Fair Housing Council of Riverside Cty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). In reviewing each motion, the Court views the evidence and makes all available inference in favor non-moving party. See Kaiser Cement Corp., 793 F.2d at 1103. At bottom, a party does not prevail on summary judgment solely because the other party did not prevail. See Riverside Two, 249 F.3d at 1136.

### III. Analysis

Of the three pending motions, only Deutsche Bank and SFR Investments seek quiet title and declaratory judgments. Northbrook, on the other hand, seeks summary judgment because it does not assert an interest in the property. Because it asserts no interest, it argues, the bank's quiet title claims against the association must fail. The Court will first evaluate Deutsche Bank's motion because it presents the threshold question whether NRS § 116.3116 employed an unconstitutional notice scheme. If so, both NRS § 116.3116(2) and the foreclosure are void. The Court will then turn to SFR Investments' and Northbrook's respective motions.

#### A. Deutsche Bank's Motion for Summary Judgment

Deutsche Bank seeks summary judgment on each of its five causes of action: (1) quiet title and declaratory relief under 28 U.S.C. § 2201 (against each defendant); (2) quiet title under the Fifth and Fourteenth Amendments (against each defendant); (3) declaratory relief under the Fifth and Fourteenth Amendments (against SFR Investments); (4) injunctive relief (against SFR Investments); and (5) unjust enrichment (against SFR Investments). As an initial matter, the bank's fourth cause of action for preliminary or permanent injunctive relief is not itself a cause of action. It is a remedy. See In re Wal-Mart Wage and Hour Emp. Pract. Litig., 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Accordingly, the Court dismisses that "claim."

Deutsche Bank's four remaining claims break down into two groups: quiet title or declaratory relief claims (claims 1–3 of the complaint) and an unjust enrichment claim (claim 5 of the complaint), which the Court will take in order.

##### 1. Quiet Title and Declaratory Relief

Deutsche Bank's sole argument supporting its quiet title claim is that Bourne Valley requires a finding that NRS § 116.3116(2)'s so-called "opt-in notice" scheme violated the bank's due process rights. See Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154 (9th Cir. 2016). SFR Investments counters that Bourne Valley is no longer binding authority on this Court in light of Star Hill. SFR Investments is correct.

In 2016, the Ninth Circuit issued Bourne Valley, which analyzed § 116.3116(2)'s "opt-in" notice provisions. The prior version of § 116.3116(2) only required a homeowners

association to provide notice of a pending foreclosure to those parties who affirmatively requested such notice. Id. at 1158.[1] The Ninth Circuit concluded that requiring a lender to affirmatively request notice of a pending foreclosure action impermissibly shifted the burden of notification to the lienholders themselves. Id. at 1158. In reaching that conclusion, the Court rejected the argument that § 116.31168 incorporated the more liberal notice requirements of § 107.090, which required notice to any party "whose interest or claimed interest [was] subordinate to the deed of trust." Such incorporation, the Ninth Circuit found, would render § 116.3116's notice provisions "entirely superfluous." Id. at 1159. And so, the Ninth Circuit invalidated § 116.3116(2).

Two years later, the Nevada Supreme Court evaluated the same issue, namely, whether NRS § 116.3116's notice requirements violated lenders' due process rights. That Court came to the opposite conclusion. See SFR Invs. Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018) ("Star Hill"). The two opinions diverge at the issue of incorporation. Whereas Bourne Valley declined to incorporate § 107.090, Star Hill explicitly held that "NRS 116.31168 incorporated the notice requirements of NRS 107.090" and that "complete incorporation of NRS 107.090 does not render NRS 116.31168's opt-in notice provisions superfluous." Id. at 1252. By incorporating § 107.090, the Nevada Supreme Court eliminated the potential constitutional violation posed by an opt-in notice scheme. As a result, that Court did not reach the question of state action.

Deutsche Bank seizes on Star Hill's avoidance of the state action issue to argue that Bourne Valley still applies in this case. The bank argues that because state action is a federal issue, the Nevada Supreme Court's decision does not bind this Court. In essence, Deutsche Bank argues that the Nevada Supreme Court cannot make the final decision on whether a statute violates the United States Constitution.

To an extent, the bank is correct. A state high court's interpretation of federal law or the United States Constitution does not bind federal courts. Watson v. Estelle, 886 F.2d 1093, 1095 (9th Cir. 1989). However, federal courts are bound by a state high court's interpretation of *state*

---

[1] The Nevada Legislature has since amended NRS § 116.3116. Bourne Valley, 832 F.3d at 1159 n.4.

law. <u>Davis v. Metro Prods., Inc.</u>, 885 F.2d 515, 524 (9th Cir. 1989). Thus, Deutsche Bank's argument turns on whether <u>Star Hill</u> is an interpretation of federal or state law. Although <u>Star Hill</u> ultimately determined that NRS § 116.3116 did not violate due process, the opinion hinged on the Court's interpretation of Nevada law. At its core, <u>Star Hill</u> clarifies that one subsection of Nevada law incorporated another subsection of Nevada law. When incorporated, there is no constitutional violation. This Court is bound by that determination.

If any question remained, the Ninth Circuit now agrees that that <u>Bourne Valley</u> no longer controls after <u>Star Hill</u>. <u>Bank of America, N.A. v. Arlington West Twilight Homeowners Ass'n</u>, 920 F.3d 620, 624 (9th Cir. 2019) ("In light of [<u>Star Hill</u>], <u>Bourne Valley</u> no longer controls . . . and we conclude that Nev. Rev. Stat. § 116.3116 *et seq.* is not facially unconstitutional on the basis of an impermissible opt-in notice scheme"). Therefore, NRS § 116.3116(2) is not facially unconstitutional.

Having found that NRS § 116.3116 did not violate Deutsche Bank's due process rights, the Court denies the bank's motion for summary judgment on its three quiet title and declaratory relief claims. The bank's first quiet title and declaratory relief claim under the Declaratory Judgments Act fails because the bank has not shown that <u>Bourne Valley</u> invalidated Northbrook's foreclosure. Similarly, the bank's second and third causes of action fail because they rely upon violations of the Fifth or Fourteenth Amendments caused by NRS § 116.3116, which <u>Star Hill</u> cured.

*2. Unjust Enrichment*

Deutsche Bank's final cause of action is for unjust enrichment against SFR Investments. The bank argues that it enriched SFR Investments by "[conferring] a monetary benefit, amongst other benefits, upon SFR, in the form of rental income as well as being the beneficiary of property tax payments made by [Deutsche Bank]." Pl.'s Resp. to Def.'s Mot. Summ. J. 13, ECF No. 70. SFR Investments counters that the voluntary payment doctrine bars the bank's recovery.

Unjust enrichment is "the unjust retention . . . of money or property of another against the fundamental principles of justice or equity and good conscience." <u>Asphalt Prod. Corp. v. All Star Ready Mix, Inc.</u>, 898 P.2d 699, 701 (Nev. 1995). There are four elements to an unjust

enrichment claim: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant's benefit appreciated; (3) the defendant accepted and retained the benefit; and (4) the defendant's failure to pay the value of the benefit would be unjust. Leasepartners Corp. v. Robert L. Brooks Tr., 942 P.2d 182, 187 (Nev. 1997). The voluntary payment doctrine is an affirmative defense to a claim for unjust enrichment. The doctrine precludes recovery for payments the payor was willing to pay "without protest as to its correctness or legality." Nev. Ass'n Servs., Inc. v. Eighth Jud. Dist. Court, 338 P.3d 1250, 1253 (Nev. 2014) quoting Putnam v. Time Warner Cable of Se. Wis., 649 N.W.2d 626, 632 (Wis. 2002) (emphasis omitted). However, a party who makes a payment to save its interest in a property, though under no duty to do so, is exempt from the voluntary payment doctrine. Id. at 1256.

There is a genuine issue of material fact whether, and to what amount, Deutsche Bank unjustly enriched SFR Investments by paying property taxes on the Sparkle Crest property. If the Northbrook foreclosure indeed extinguished Deutsche Bank's deed of trust and SFR Investments allowed the bank to continue to pay the property taxes on the property, then SFR Investments was unjustly enriched. The bank was under no obligation to pay those taxes. Its only motivation to pay the property tax would be to preserve its interest in the property. Therefore, the voluntary payment doctrine does not preclude the bank's recovery.

However, Deutsche Bank's unjust enrichment claim is limited to the benefits that it conferred upon SFR Investments. It does not include benefits conferred by a third party. Leasepartners Corp., 942 P.2d at 187 (unjust enrichment only occurs when "a benefit [is] conferred on the defendant *by the plaintiff*) (emphasis added). Deutsche Bank did not enrich SFR Investments when SFR Investments assumed the value of the Sparkle Crest property or when SFR Investments received rental income because Deutsche Bank did not confer those benefits. Northbrook's foreclosure and subsequent renters conferred those benefits. While there is a genuine issue of fact whether Deutsche Bank unjustly enriched SFR Investments, that claim is limited to the benefits conferred by the bank. Therefore, the Court denies both the bank's and SFR Investments' motions as they relate to unjust enrichment.

In sum, Deutsche Bank's motion fails as to its quiet title and declaratory relief causes of

action because Northbrook's foreclosure was not facially unconstitutional under Bourne Valley. There is, however, a genuine issue of material fact whether Deutsche Bank conferred an unjust benefit upon SFR Investments by continuing to pay property taxes after Northbrook's nonjudicial foreclosure. Accordingly, the Court denies Deutsche Bank's motion for summary judgment.

**B. SFR Investments' Motion for Summary Judgment**

Next, SFR Investments seeks summary judgment on its quiet title and injunctive relief counterclaims against Deutsche Bank and its quiet title crossclaims against Jesse and Lorraine Dahilig. Like the bank's injunctive relief claim, the Court dismisses SFR Investments' request for preliminary and permanent injunction against the bank and the Dahiligs. Injunctive relief is not a cause of action. It is a remedy. In re Wal-Mart, 490 F. Supp. 2d at 1130. Therefore, the Court is left with SFR Investments' quiet title and declaratory relief claim.

A claim for quiet title does not have any particular elements. Chapman v. Deutsche Bank Nat'l Tr. Co., 302 P.3d 1103, 1106 (Nev. 2013). Each party must prove their own claim, and the party with superior title will prevail. Id.; Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992). If SFR Investments proves that its title is superior to Deutsche Bank's, it will both prevail on its quiet title claim and defeat the bank's quiet title claim.

SFR Investments argues that Northbrook Homeowners Association's foreclosure of its superpriority lien extinguished Deutsche Bank's deed of trust under NRS § 116 and SFR Investments Pool 1, LLC v. U.S. Bank, N.A., 334 P.3d 408 (2014). Thus, when SFR Investments purchased the Sparkle Crest property, it took the property free and clear of Deutsche Bank's interest. The bank counters that the foreclosure could not extinguish its deed of trust because Bourne Valley declared NRS § 116.3116 unconstitutional. However, as previously discussed, Star Hill determined the opposite. Alternatively, the bank argues that equity requires the Court to set aside the foreclosure sale because there is no proof that Northbrook complied with NRS § 116's requirements and that SFR Investments is not a bona fide purchaser.

The Court finds that Northbrook's foreclosure complied with NRS § 116. Homeowners Association Services began the foreclosure process as agent on Northbrook's behalf on January

19, 2010, when it recorded a Notice of Claim of Lien-Homeowner Assessment against the Sparkle Crest property. ECF No. 67 Ex. A-6. That notice identified an outstanding balance of $671.00. Id. In addition to recording the notice, Homeowners Association Services mailed the notice to the Dahiligs at the Sparkle Crest address. See Affidavit of Mailing, ECF No. 67 Ex. A-7. In June of 2011, the association recorded a Notice of Default and Election to Sell when the Dahiligs failed to satisfy the outstanding assessment balance. Notice of Default, ECF No. 67 Ex. A-7. That notice listed the total outstanding amount as $1,339.85. Id. Homeowners Association Services mailed the Notice of Default and Election to Sell to the Dahiligs *and* to Deutsche Bank. See Affidavit of Mailing 2, ECF No. 67 Ex. A-7. Northbrook also mailed the notice to Ameriquest Mortgage who previously assigned Deutsche Bank its interest in the deed of trust. Id. SFR Investments provided an affidavit of mailing and USPS receipts showing that it sent the notices by certified mail to both the Dahiligs and Deutsche Bank. Id.

In July of 2014, the association recorded a notice of sale, which it also mailed to the Dahiligs and to Deutsche Bank. Notice of Sale, ECF No. 67 Ex. A-7. Homeowners Association Services then published the Notice of Sale in the Nevada Legal News for three consecutive weeks in July of 2014. Id. Despite the recorded notices, the mailed notices, and the publication in the Nevada Legal News, there is no evidence that the Dahiligs or Deutsche Bank contacted Homeowners Association Services or Northbrook to ascertain the superpriority balance of the association's lien. Likewise, neither party made any attempt to tender payment to cure Northbrook's superpriority portion. Homeowners Association Services sold the Sparkle Crest property to SFR Investments for a $21,000. Foreclosure Deed Upon Sale, ECF 67 Ex. B-2.

Deutsche Bank does not dispute that Homeowners Association Services mailed the default notices to the bank, nor does it dispute that the association recorded each notice. Nonetheless, the bank asks the Court to unwind Northbrook's foreclosure because it was commercially unreasonable. The Court may exercise its equitable authority to set aside a foreclosure sale where there is evidence of fraud, unfairness, or oppression in addition to a grossly inadequate sales price. Shadow Wood HOA v. N.Y. Cmty. Bancorp., 366 P.3d 1105, 1112 (Nev. 2016). A grossly inadequate sales price is not enough on its own to set aside a

foreclosure sale. Golden v. Tomiyasu, 387 P.2d 989, 994–95 (Nev. 1963). There must also be evidence of fraud, unfairness, or oppression so tainting the sale that it must be set aside. Nationstar Mortg., LLC v. Saticoy Bay, LLC Series 2227 Shadow Canyon, 405 P.3d 641, 643 (Nev. 2017). The more inadequate the sales price, however, the less evidence of fraud, unfairness, or oppression is needed to unwind the sale. Golden, 387 P.2d at 994–95.

Deutsche Bank points to Northbrook's notice and the CC&Rs' mortgagee protection clause as evidence of fraud, unfairness, and oppression. As for notice, Deutsche Bank received more than adequate notice that Northbrook's foreclosure threatened its deed of trust. Due process requires notice that is "reasonably calculated" to alert interested parties to the action against them and provide them an opportunity to object. Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). That notice need only inform the adverse party of the pendency of the action. Nozzi v. Housing Auth. of City of Los Angeles, 806 F.3d 1178, 1194 (9th Cir. 2015). Northbrook's notices also complied with NRS § 107.090, which required the association to provide notice of default (1) to each person who has requested it and (2) to each person with an interest subordinate to the HOA's deed of trust. NRS § 170.090(3)(a)–(b). The statute ensures that a lender or other lien holder receives notice if they stand to lose their interest due to the association's foreclosure. Northbrook's recorded and mailed notices did just that. They made Deutsche Bank aware of the pending foreclosure action that threatened the bank's deed of trust.

NRS § 116's statutory scheme also put the bank on notice that Northbrook's foreclosure could extinguish its interest in the property. It is now settled law in Nevada that a homeowners association can enforce a superpriority lien for up to nine months of unpaid assessments, the foreclosure of which can extinguish all other deeds of trust. See SFR Invs. Pool 1, LLC v. U.S. Bank, 334 P.3d 408, 409 (Nev. 2014). While § 116's effect on a lender's deed of trust may have been less clear at the time of this foreclosure, the statute nonetheless provided the potential for a lender's deed of trust to be extinguished by foreclosure. The association's notices need not articulate points of law that were available to each lienholder in the Nevada Revised Statutes. Nationstar Mortg., LLC v. Amber Hills II Homeowner's Ass'n., No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *7 (D. Nev. Mar. 31, 2016) ("[NRS § 116] give[s] lienholders notice that

the HOA may have a superiority interest that could extinguish their security interests"). Therefore, the notices that Northbrook provided, coupled with NRS § 116's statutory scheme are not evidence of fraud, unfairness, or oppression.

Next, the bank argues that a mortgagee protection clause in Northbrook's CC&Rs rendered the foreclosure fraudulent, unfair, or oppressive. The mortgagee protection clause in the Northbrook CC&Rs stated that any lien that Northbrook could attach to the property would be subordinate to the first deed of trust. See CC&Rs 34, ECF No. 5 Ex. 10. Deutsche Bank argues that such a direct mischaracterization of the senior deed of trust's safety renders the sale unfair. The bank points to Zyzzx2 v. Dizon for support. No. 2:13-cv-1307-JCM-PAL, 2016 WL 1181666 (D. Nev. Mar. 25, 2015). There, a Court in this district analyzed a nonjudicial foreclosure that threatened a Wells Fargo first deed of trust. Id. at *1. Like here, Wells Fargo argued that the foreclosure sale was commercially unreasonable in part because the association's CC&Rs purported to protect first deeds of trust from extinguishment. Id. at *5. However, in Zyzzx2, the association also sent a letter to Wells Fargo and other interested parties confirming that its foreclosure would not affect their deeds of trust. Id. Based on that affirmative misrepresentation, the Court concluded that the sale was unfair and set it aside. Id.

The mortgagee protection clause on its own does not render a foreclosure unfair, fraudulent, or oppressive. Zyzzx2 hinged upon the association's separate and additional representation to Wells Fargo that the mortgagee protection clause protected the bank's interest. Bayview Loan Servicing, LLC v. SFR Invs. Pool 1, LLC, No. 2:14-cv-1875-JCM-GWF, 2017 WL 1100955, at *9 (D. Nev. Mar. 22, 2017) ("Indeed [Zyzzx2] was rendered *in light of the combination* of the mortgage protection clause and the HOA's misleading mailings") (emphasis added). Absent an affirmative representation by the association as to the safety of the lender's deed of trust, the mortgagee protection clause is not evidence of fraud, unfairness, or oppression. There is no such evidence here.

Even if the mortgagee protection clause intended to protect the bank's first deed of trust, it could not override NRS § 116's statutory scheme. The Nevada Supreme Court has consistently held that CC&R provisions cannot supersede state statutes. See SFR Invs. Pool 1, LLC v. U.S.

Bank, N.A., 334 P.3d 742, 757–58 (Nev. 2014) ("Nothing in NRS 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien . . . [t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case"); Horizon at Seven Hills v. Ikon Holdings, 373 P.3d 66, 73–74 (Nev. 2016) (CC&Rs that contravene § 116 "are superseded by statute and thus negated"). Northbrook's own CC&Rs recognized that any protections granted therein where granted subject to the provisions of NRS § 116.3116(2). See CC&Rs at 34. Therefore, the mortgagee protection clause did not render Northbrook's foreclosure fraudulent, unfair, or oppressive.

In sum, the Court finds no genuine issue of fact that Northbrook's nonjudicial foreclosure complied with NRS § 116 and the notice provisions of § 107.090. There is similarly no genuine issue of fact whether the mortgagee protection clause in the Northbrook CC&Rs were unfair, fraudulent, or oppressive. They were not. To be clear, this is not a case where a lender did everything within its power to preserve its interest and still lost its deed of trust. To the contrary, the bank received ample notice that its deed of trust was in danger and did nothing. Northbrook provided record notice, actual notice, and it published the date and time of the trustee's sale in the Nevada Legal News for three consecutive weeks. The bank could have inquired about Northbrook's superpriority lien. It did not. The bank could have calculated the superpriority lien amount and tendered payment. It did not. Now, the bank asks the Court to save its deed of trust. It cannot.

Having found no genuine issue of fact, the Court grants SFR Investments' motion for summary judgment and finds that Northbrook's nonjudicial foreclosure extinguished Deutsche Bank's deed of trust.

**C. Northbrook Homeowners Association's Motion for Summary Judgment**

Finally, Northbrook moves for summary judgment on Deutsche Bank's quiet title and declaratory judgment claims for two reasons. First, it argues that Deutsche Bank's quiet title claim fails as a matter of law because such a claim requires a dispute over which party owns the property, and Northbrook does not assert any interest. Second, the association claims that even if the claims survive, the bank cannot seek monetary damages because quiet title and declaratory

relief claims do not support damages. Deutsche Bank counters that Northbrook is a proper party here because "if Deutsche Bank's alternative claim for relief—having the HOA sale set aside—is granted, the HOA's rights and interests in the Property are affected." Pl.'s Resp. to Mot. Summ. J. 3, ECF No. 69.

As for Deutsche Bank's quiet title claim, the only way a dispute over the property would arise between Northbrook and the bank is if the Court set aside the association's foreclosure, which it declined to do. There being no ownership dispute between these two parties, the bank's claim must fail. See NRS § 40.010. Additionally, Deutsche Bank has not brought any claim against Northbrook that would entitle it to monetary damages. Although the bank uses its quiet title claims to attack Northbrook's foreclosure, the bank has not sued Northbrook for wrongful foreclosure, breach of NRS § 116, or any other claim that would result in monetary damages. The Court agrees with the association that a quiet title claim is not the appropriate vehicle collect money damages from Northbrook. Having found that Northbrook's foreclosure complied with NRS § 116, and that the trustee's sale extinguished Deutsche Bank's deed of trust, the Court grants Northbrook's motion.

### IV. Conclusion

Accordingly, it is HEREBY ORDERED that Plaintiff/Counterdefendant Deutsche Bank National Trust Company's motion for summary judgment (#66) is **DENIED**;

IT IS FURTHER ORDERED that Defendant/Counter-claimant SFR Investments Pool 1, LLC's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. The Court grants SFR Investments' motion as to its quiet title and declaratory relief claim. The Court also grants summary judgment in SFR Investment's favor on each of Deutsche Bank's claims except the bank's unjust enrichment claim. The Court declares that Northbrook Homeowners Association's nonjudicial foreclosure extinguished Deutsche Bank's deed of trust in the property located at 4401 Sparkle Crest Avenue in North Las Vegas, Nevada. SFR Investments, therefore, purchased the home free and clear of Deutsche Bank's interest and Jesse and Lorraine Dahilig's interests in the property.

///

| 1 | IT IS FURTHER ORDERED that Defendant Northbrook Homeowners Association's motion for summary judgment (#61) is **GRANTED**.

Dated this 9th day of September, 2019.

```
                              _____
                              Kent J. Dawson
                              United States District Judge
```